# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**MARIA ISABEL VILLENEUVE,**

*Plaintiff,*

v.

**AVON PRODUCTS, INC.**

*Defendants.*

CIVIL NO. 14-1838 (DRD)

**OPINION AND ORDER**

Pending before the Court are Defendant's *Motion Reinstating Bill of Costs Under Rule 54(d)* (Dkt. No. 71 & Dkt. No. 65), Plaintiff's *Motion in Opposition to the Imposition of Costs* (Dkt. No. 75), and Defendant's *Reply to Plaintiff's Motion in Opposition to the Imposition of Costs* (Dkt. No. 77). On December 5, 2017, this Court entered an Order denying Avon's Bill of Costs without prejudice indicating that "once judgment on Appeal is entered and the appellate mandate becomes final, the prevailing party may file a bill of costs for adjudication by the Clerk." (Dkt. No. 68)

For the reasons stated herein, the Court **GRANTS** in part and **DENIES** in part Defendant's Motion.

## II. LEGAL STANDARD

"Congress has enumerated the type of expenses that a federal court 'may tax as costs.' 28 U.S.C. § 1920.[1] Rule 54(d) works in tandem with the statute. It provides, with exceptions not

---

[1] The section provides:

pertinent here, that 'costs shall be allowed as of course to the prevailing party unless the court otherwise directs.' Fed. R. Civ. P. 54(d)." *In re San Juan Dupont Plaza Hotel Fire Litig.*, 994 F.2d 956, 962 (1st Cir. 1993).

Under Rule 54, costs "should be allowed to the prevailing party" unless a federal statute provides otherwise. Fed. R. Civ. P. 54(d)(1). Thus, Rule 54(d) generally creates a presumption in favor of awarding costs to the prevailing party. *See Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352, 67 L. Ed. 2d 287, 101 S. Ct. 1146 (1981) (stating that "prevailing plaintiffs presumptively will obtain costs under Rule 54(d)"); *Chapman v. AI Transp.*, 229 F.3d 1012, 1038 (11th Cir. 2000) (*en banc*); *Crossman v. Marcoccio*, 806 F.2d 329, 331 (1st Cir. 1986) (observing that Rule 54(d) "generally permits prevailing parties to recover their costs"); *Castro v. United States*, 775 F.2d 399, 410 (1st Cir. 1985) (noting that a prevailing party "ordinarily is entitled" to recoup the costs enumerated in section 1920). The Court has discretion as to the costs to be awarded to a prevailing party. *See In re: Fidelity/Micron Securities Litigation,* 167 F.3d 735, 736 (1st Cir. 1999); *In re Thirteen Appeals San Juan Dupont Plaza Hotel Fire Litigation,* 56 F.3d 295, 309 (1st Cir.1995). Furthermore, the Court shall conduct its analysis on a case-by-case basis. *In re San Juan Dupont Plaza Hotel Fire Litigation,* 142 F.R.D. 41, 46 (D.P.R.1992).

---

A judge . . . may tax as costs the following:
   (1) Fees of the clerk and marshal;
   (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
   (3) Fees and disbursements for printing and witnesses;
   (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
   (5) Docket fees under section 1923 of this title;
   (6) Compensation of court appointed experts, compensation of interpreters . . . and costs of special interpretation services . . .
28 U.S.C. § 1920.

Defendant, Avon Products, filed an itemized bill of costs and expenses incurred throughout the instant litigation. The Defendant is requesting an award of $5,793.20 for the costs associated with photocopies, the interpreter, translation services, the court reporter, and the service of subpoena, each of which in turn, will be discussed individually below. *See* Dkt. No. 65 pp.9-10.

### III. BILL OF COSTS

1. **Photocopies**

Under 28 U.S.C. § 1920(4), the District Court may tax as costs "fees for exemplification and copies of papers necessarily obtained for use in the case." *See Rodriguez-Garcia v. Davila*, 904 F.2d 90, 100 (1st Cir. 1990)(declining to accept so narrow an interpretation of the statute that this rule limits copy costs for documents actually filed, but rather to costs reasonably necessary to the maintenance of the action). The phrase "necessarily obtained" is defined as including "copies of briefs, court documents, and trial exhibits, provided, however, that the copies were received as evidence, prepared for use in presenting evidence, obtained for service on the other parties in the litigation and the Court, or were necessary to the maintenance of the action." *Taxation of Costs Guidelines.*[2] The *Guidelines* explicitly prohibit the taxation of photocopies made "for the convenience, preparation, research or records of counsel," although the Guidelines do not mandate that photocopies actually be used at trial. *Id.* "The burden is on the party seeking to recover these costs to show that they were necessary." *Pan Am. Grain Mfg. Co. v. Puerto Rico Ports Auth.,* 193 F.R.D. 26, 37 (D.P.R. 2000)*, aff'd sub nom. Pan Am. Grain Mfg. Co. v. Puerto Rico*

---

[2]https://www.prd.uscourts.gov/sites/default/files/documents/87/Taxation%20of%20Costs%20Guidelines%202007%20rev%2008.10.2017_0.pdf

*Ports Auth.,* 295 F.3d 108 (1st Cir. 2002); *see also Lawyer v. 84 Lumber Company and 84 Associates, Inc.,* 1998 WL 111703 (N.D.III. 1998). More importantly, "recording what documents were copied and explaining how the documents were used in the case is absolutely necessary before the Court can permit such an award." *Id.* (citing *Ramos v. Davis & Geck, Inc.*, 968 F.Supp. 765, 782 (D.P.R.1997)).

Herein, Defendant seeks compensation of $831.80 for the use of copies and allege that the amount "corresponds in part to the documents produced to plaintiff during the discovery process." (Dkt. No. 65 p. 4) The Court notes, however, that the $831.80 for "copying" as illustrated in Exhibit 1 is not supported by proper documentation attached to Defendant's Motion.

Thus, the amount of $831.80 for photocopies is **DENIED without prejudice** for a period of ten (10) working days. Upon the conclusion of the ten-day period, the denial will be entered with prejudice.

**2. Interpreter/Translation Services**

The Supreme Court has held that "because the ordinary meaning of 'interpreter' is someone who translates orally from one language to another, we hold that the category 'compensation of interpreters' in § 1920(6) does not include costs for document translation." *Taniguchi v. Kan Pacific Saipan, Ltd.,* 566 U.S. 560, 562 (2012); *see Davila-Feliciano v. Puerto Rico State Ins. Fund*, 683 F.3d 405, 406 (1st Cir. 2012)( "costs stemming from the translation of written documents do not qualify as "compensation of interpreters," as that term is used in 28 U.S.C. § 1920(6), and, therefore, may not be taxed as costs against a non-prevailing party.")

Although the Taxation of Cost Guidelines provide that "[o]ther expenses not specifically allowed by statute but necessary for the case may be taxed as costs only with prior authorization granted by the Court", the Court is prevented from exercising its discretion, based on the Supreme Court's determination that the compensation of interpreters that may be awarded under the federal taxation of costs statute is limited to the cost of oral translation and does not include the cost of document translation, since the ordinary meaning of the word "interpreter" is a person who translates orally from one language to another. *Id*. More importantly, "discretion granted by Rule 54(d) [to the Court] is not a power to evade" the specific categories of costs set forth by Congress. *Taniguchi v. Kan Pac. Saipan*, Ltd., 566 U.S. 560, 572 (2012) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987).

Thus, the $675.00 attributed to interpreter fees is hereby **GRANTED** and the $2,420.60 attributed to translation services is hereby **DENIED.** [3]

3. **Court Reporter**

Under 28 U.S.C. § 1920(2), the District Court may tax as costs for "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." In the instant case, Defendant took Plaintiff's deposition, which qualifies as a measure necessarily obtained for the

---

[3] The instant case, however, presents an interesting issue for the First Circuit and the Supreme Court as Puerto Rico has a predominant amount of U.S. citizens that only speak Spanish, as Spanish is the official language of the U.S. territory. The Court notes that Puerto Ricans have enlisted in the United States Armed Forces and have been actively on duty in World War I (1914-18), World War II (1939-45), Korean War (1950-53) and Vietnam War (1955-75). "Puerto Rico is the home to a vibrant intellectual and cultural community which includes many institutions of higher education and other indicia of modern society, as well as a solid economic foundation which is wholly integrated into the National framework. Most importantly, its citizens have contributed in full measure, and at times beyond, to the defense of our Country." *Igartua De La Rosa v. United States*, 229 F.3d 80, 89 (1st Cir. 2000). In fact, "Puerto Rico is today one of the jurisdictions with the largest *per capita* enlistment in the United States Armed Forces." *Consejo de Salud Playa de Ponce v. Rullan*, 586 F. Supp.2d 22, 38-39 (D.P.R. 2008).

use in the case. Plaintiff has not objected to Defendant's request for the taxation of a court reporter amounting to $1,491.40, which is supported by *Exhibit 6.* (Dkt. No. 65 Ex. 6).

Thus, the $1,491.40 attributed to the court reporter is hereby **GRANTED.**

**4. Service of Subpoena**

The Court Notes that the "original amount requested of $5,793.20 will be reduced by the $374.40 originally requested in service for subpoenas, which Defendant recognizes is not allowable under the District Court's Taxation of Costs Guidelines, as the subpoenas in question were discovery subpoenas." (Dkt. No. 79 p. 6)

### III. CONCLUSION

For the aforementioned reasons, the Court hereby **GRANTS in part and DENIES in part** Defendant's Motion *Reinstating the Bill of Costs Under Rule 54(d).* (Dkt. No. 71).

Defendant's request for Bill of Costs is adjudicated as follows:

1. Defendant's request for taxation of $831.80 for copies relating to production of documents to Plaintiff and copies used during deposition and in support of Motion for Summary Judgment is **DENIED without prejudice** for a period of ten (10) working days, upon the conclusion of which the denial will be entered with prejudice.

2. Defendant's request for taxation of $675.00 as to interpreter services of a witness whose principal language is Spanish and was authorized by both parties to testify in the Spanish language is **GRANTED**.

3. Defendant's request for taxation of $2,420.60 for the "translation services" as to the preparation of Motion for Summary Judgment is **DENIED.**

4. Defendant's request for taxation of $1,491.40 for the court reporter services relating to the transcript of Maria Villeneuve's deposition is **GRANTED.**

5. The original amount request of $5,793.20 originally requested in service for subpoena has been reduced by the $374.40, which Defendant recognizes is not allowable under this District Court's Taxation of Costs Guidelines as the subpoenas in question were discovery subpoenas.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 2nd day of December, 2019.

*S/Daniel R. Domínguez*
Daniel R. Domínguez
United States District Judge